Opinion by
 

 Hirt, J.,
 

 The parties were married in August 1928. Libellant finally left Ms wife in their common home in July 1944. Three years later he brought this action in divorce. The master concluded that the single charge of indignities had been sustained and recommended a divorce on that ground. Mindful as we are of the weight to be given the conclusions of the master who saw and heard the witnesses, yet from our independent consideration of the testimony we find ourselves in accord with the view of the lower court that libellant has not established his right to a divorce by clear and satisfactory proofs. The order dismissing the libel will be affirmed.
 

 The master found that “none of the incidents referred to [which were relied on by libellant] are in themselves particularly serious.” Libellant’s principal complaint is that the respondent gave him “silent treatment” when displeased with him, by refusing to talk with him for periods varying from a few hours to a number of days. However viewed, the negative conduct of the wife as disclosed by the testimony in this case does not charge her with a malevolent disposition nor with settled hatred of her husband. The conduct complained of consists in isolated acts of the respondent over a period of thirteen years which, in any view, lack the element of continuity necessary to establish a course of conduct. We have no doubt that this silent treatment irked her husband but it was not wholly uninvited. And insofar as these acts of the wife were provoked by the conduct of the husband, he may not complain. Cf.
 
 Philo v. Philo,
 
 154 Pa. Superior Ct. 563, 36 A. 2d 833.
 

 Respondent was a good housekeeper, as is admitted, and over a period of years she pooled her earnings from an outside job, with his in the joint maintenance of the
 
 *522
 
 home. He complains óf a short period of silence in the home shortly after the marriage bnt a gambling loss of one-fifth of his small wages for the week gave rise to it. Beginning in 1936 when libellant first displayed an attitude of indifference in his home,' respondent became convinced that her husband was unduly interested in other wómen and'his condudt on that score accounts for most of the remaining periods of the silent treatment of him by her. A number of'incidents referred' to by her, and undenied by him except by way of attempted explanation, supply justification for her suspicions. Marks and stains on his clothing noted' by respondent were evidence of improper conduct. The most'impressive fact, corroborating the respondent in her belief in her husband’s' infidelity, is the libéllani’s admission at the hearing that he had been infected with á venereal disease away from home, in 1936! He deceived his wife at the time as to the exact nature of this illness—he said it was a strain—and she did not know tlie truth until' thé daté of the hearing.- We canriot accept libellant’s naivé
 
 explanation
 
 as to how he must have contracted the disease. The libellant'said he lost weight and suffered a case of nerves because of the conduct of his wife! It probably is inore than a coincidence that these conditions occurred in 1937 during the acute stages of the venereal disease with which he, by his own admission, became infected in December 1936. In 1913 the parties were living in Koyersford but libellant was employed in Potistown. In Juñe óf that year the respondent saw her husband'at 10:30 at night with a woman in his automobile in Potts-town. Because of his refusal then’ to give any explana-' tion of the incident she left his bedroom for another room in the house and marital relations ceased. Prom October 1913 libellant was employed in war work in Baltimore and was home‘only weekends uñ til July of the following'yéar when he left.
 

 
 *523
 
 Other acts of the respondent of which libellant complains, not involving the so-called silent treatment, are too trivial for notice in disposing of this appeal. Taken as a whole, in their cumulative effect, the proofs in this case do not establish a course of conduct of the wife amounting to such indignities as will justify a-decree of divorce.
 

 Decree affirmed.