Liston F. Coon, J.
This is an appeal from a conviction for the violation of harassment, after trial, before the Hon. Walter W. Dunbar, Justice of the Town of Dix, Schuyler County. The charge arose out of an incident which occurred on October 6, 1968, at the United States Grand Prix, annually held at the Watkins Glen Race Course.
Defendant was arrested, and ultimately convicted for violation of subdivision 5 of section 240.25 of the Penal Law which provides that: “ A person is guilty of harassment when, with intent to harass, annoy or alarm another person: * * * 5. He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.”
Following a disturbance at the race track in the nighttime, defendant was apprehended by a Deputy Sheriff, frisked and relieved of a loaded .38 caliber pistol for which, it developed, defendant had a valid permit. The gravamen of the claimed offense is that the defendant then said to the police officer: “If I could have drawn my gun fast enough, I would have shot you.”
Defendant makes no attack on the proof that he made such a statement but raises the issues that (1) proof is inadequate that his utterance alarmed or seriously annoyed anyone; and, notwithstanding any question as to proof, that (2) the act of the defendant was not a “ course of conduct ” as contemplated by the statute. The second issue will be determined first.
Neither counsel has presented any cases in which the term ‘ ‘ course of conduct ’ ’ is defined, nor has the court’s own research disclosed any case in New York wherein such term is found. Among the numerous definitions of terms included in the revised Penal Law, “ course of conduct ” is not one of them.
In this court’s opinion, “ course of conduct ” is more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor. Thus, ‘ ‘ The Boy Who Cried Wolf ” persisted *825 in a “ course of conduct.” So, too, would one who repeatedly dials a telephone number, only to hang up when it is answered.
The definition of the term as construed by other jurisdictions is not inapposite. Thus in Ætna Cas. & Sur. Co. v. Industrial Comm. (127 Col. 225), it was held that to come within the classification of “ course of conduct ” it must be shown that such conduct is such a continuous practice as to constitute a regular course of conduct and an occasional instance does not establish such custom. In Dyer v. Dyer (166 Pa. Super. Ct. 520), the court stated that ‘ ‘ course of conduct ’ ’ requires an element of continuity and in Warkentin v. Kleinwachter (166 Okla. 218), it was held that ‘ ‘ course of conduct ’ ’ cannot be shown by one particular transaction.
It is this court’s decision that “ course of conduct ” was not established, and the conviction for harassment cannot, stand. The other issue raised by the defendant is, therefore, rendered academic.
The defendant was sentenced to 15 days in jail and released on bail pursuant to section 753 of the Code of Criminal Procedure. The conviction is reversed, information dismissed, bail remitted and the defendant discharged.