Lawrence Newmark, J.
A trial was held on the instant matter without a jury on the 27th day of March, 1972 in the District Court, Suffolk County.
The defendant was charged with harassment pursuant to subdivision 5 of section 240.25 of the Penal Law which reads: “ A person is guilty of harassment when, with intent to harass, annoy or alarm another person * * * (5) He engages in
a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.”
*179 For reasons which will he explained below, subdivision 2 is also herein quoted. “In a public place, he uses abusive or obscene language, or makes an obscene gesture”.
The court has made the following findings of fact. On February 20,1972 the complaining police officer stopped the defendant for a traffic infraction and while writing the tickets the defendant approached and argued with the officer. He was advised by the officer to go back to his car but returned again. At this time the defendant stated that the officer could shove the summons up his f-a-. In response to the officer’s questioning “ what did you say? ” the invective was repeated. At this point the officer alighted from his car and again directed the defendant to return to his vehicle. Again the defendant is alleged to have stated, “Go f-yourself” and in response to the officer’s inquiry repeated the words.
The question to be pondered is whether the statutory requirement of a course of conduct is met.
The phrase “ course of conduct ” is not defined in the Penal Law. However, in People v. Hotchkiss (59 Misc 2d 823, 824 and cases cited therein), the court sought to define the term as ‘1 more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor.” The court had concerned itself with the pertinent phrase and did not consider the additional phrase “repeatedly commits acts” which is joined by the disjunctive conjunctive “or”. Generally, the use of the disjunctive “ or ” indicates that the language is to he construed in an alternative sense (McSweeney v. Bazinet, 269 App. Div. 213; Smith v. Farley, 155 App. Div. 813; People v. Ahern, Index No. IS-CR 890/70, District Ct., Suffolk County, July 1, 1971, O. Mubov, J.). In his opinion, Judge Mubov noted that the usage of the word “ or ” when “ and ” is intended is subject to necessary change by the court to conform the statute to legislative intent. (See, also, People ex rel. Municipal Gas Co. v. Public Serv. Comm., 224 N. Y. 156.) This court agrees with the latter interpretation since to do otherwise would construe the term “ course of conduct ” to mean a single act which would he contrary to its generally accepted meaning.
The court regards the language used as indicative of an emotional outburst by the defendant. Upon a review of the testimony the court finds that the defendant did not intend 1 ‘ to harass, annoy or alarm” the individual to whom he communicated hut rather merely demonstrated by an immature outburst his displeasure upon receipt of the traffic summons. (People *180 v. Benders, 63 Misc 2d 572.) Reprehensible though the conduct of the defendant may be, his conduct does not suffice to permit a finding of guilty pursuant to subdivision 5.
The court further finds it incumbent to determine whether the- information charges a violation under any other subdivision of the statute. It is settled law that an information charging harassment is sufficient if the alleged facts constitute a violation of any of the statute’s subdivisions (People v. Todaro, 26 N Y 2d 325). Thus, if the court were to regard subdivision 2 as the proper section pursuant to which the complaint in the instant matter might or should have been drawn, the action would fail as the People have not maintained their burden of proof in establishing the defendant’s guilt beyond a reasonable doubt. They have, in fact, failed to establish the proper mens rea of the defendant and as noted, the court has regarded the allegedly abusive language as a mere immature outburst. (See, also, People v. Benders, supra.)
Accordingly, the court finds the defendant not guilty.