Commonwealth *v.* Schnabel, Appellant.

Argued March 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Peter A. Glascott*, for appellant.

*Peter F. Schenck*, Assistant District Attorney, with him *Stephen B. Harris*, First Assistant District Attorney, and *Kenneth G. Biehn*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 22, 1975:

The appellant, Carl Schnabel, appeals from his conviction of harassment.[1] We disagree with the Commonwealth's interpretation of the phrase "course of conduct" and will, therefore, reverse.

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §2709), provides as follows:

"A person commits a summary offense when, with intent to harass, annoy or alarm another person:

(1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same; or

(2) he follows a person in or about a public place or places; or

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose."

The present case concerns sub-section (3) of the above statute.

Appellant owned a large tract of land in Bucks County, Pennsylvania, which he had divided into lots of approximately 5,000 square feet. The lots were rented to people who constructed week-end or summer cottages on them. The complainant, David Jenkins, had rented one of these lots from August, 1961, until September, 1974, at an annual rental of $78. Despite a provision in the lease agreement which restricted use of the lots to vacation-oriented activities, Jenkins and his family had been using the cottage as their full-time residence.

Many of the cottages on appellant's properties were not equipped with modern plumbing conveniences, and water was supplied to each of the cottages through plastic hoses. The hoses were owned and supplied by appellant, and the water came from a well on his property. The properties were drained by septic tanks, the usual arrangement calling for one septic tank for every pair of cottages.

The present prosecution resulted from appellant's severance of the hose that supplied Jenkins' cottage with water, on June 25, 1973. The testimony at the hearing de novo indicated that Jenkins believed appellant severed the hose because he (appellant) was angry with Jenkins for being an officer of the Cedar Valley Civic Association, an organization of the tenants on appellant's property. Appellant presented convincing evidence that he had severed the hose because Jenkins had permitted the water to run constantly, causing the septic tank to overflow. Appellant's other tenants complained to him about the overflowing tank, and he received at least two citations from the Bucks County Health Department.

There is no dispute that Jenkins' water supply was restored by the following week. During the interval when the water was shut off, Mr. Jenkins was able to obtain water from his neighbor, Mr. Francisco, whose water was also supplied by appellant.

The District Justice found appellant guilty of the statutory crime of harassment, and imposed a fine of $100 and costs. On appeal, and after a full hearing de novo, the court resolved all factual determinations as to motive and legitimacy of purpose against appellant, and reimposed the fine. Though we might reach a different factual determination were it our province to weigh the facts, on this appeal, we must view the evidence in a light most favorable to the verdict winner. *Commonwealth v. Cross,* 231 Pa. Superior Ct. 148, 331 A.2d 813 (1974).

Appellant contends that his behavior was not within that contemplated by §2709, because his single act of severing the water hose did not constitute a "course of conduct." The lower court resolved this issue by noting that appellant's isolated act deprived Jenkins of water for nearly a week, and appellant's "continuing failure" to restore Jenkins' water supply was a course of conduct.[2]

Section 2709 (3) is identical to §240.25 (5) of the *N.Y. Penal Law* (McKinney 1967). They are similar to §250.4 of the *Model Penal Code* (1962). These provisions are regarded as extensions of earlier penalties for disorderly conduct. The extensions were necessitated by the fact that disorderly conduct was often interpreted as involving a breach of the peace, or public disorder, thus leaving a

---

2. Generally, a failure to act is not made the subject of criminal sanctions unless there is some duty to act. R. Perkins, *Criminal Law* 592-93 (2d ed. 1969). Thus the lower court's characterization of appellant's failure to restore Jenkins' water supply as a course of conduct, within the meaning of §2709, would depend on whether appellant was under a duty to supply the water.

It is unclear whether the lower court reached the question of appellant's duty to supply his tenants with water, or whether the court decided that appellant's interruption of Jenkins' water supply *with the intent to harass* would place upon appellant a duty to restore the water supply even though a duty would not otherwise have existed.

Our resolution of this case renders the question of appellant's *obligation* irrelevant.

loophole for conduct which was offensive or annoying to a single individual.

In *People v. Hotchkiss*, 59 Misc. 2d 823, 300 N.Y.S. 2d 405 (1969), the defendant was relieved of his handgun by a deputy sheriff. The defendant stated to the officer that, "[i]f I could have drawn my gun fast enough, I would have shot you." 59 Misc. 2d at 824, 300 N.Y.S. 2d at 406. For this offense, he was convicted of harassment. On appeal, the court reversed and held that " 'course of conduct' is more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor." 59 Misc. 2d at 824, 300 N.Y.S. 2d at 407.

We agree with the New York court's interpretation, and disagree with the lower court's. A single, isolated act cannot be regarded as a course of conduct, entailing criminal sanctions, within the meaning of the statute under consideration. The case would be different if appellant had resorted to other affirmative acts, designed, for example, to foil attempts by Jenkins to procure water. Under the circumstances, however, appellant's only affirmative act was to sever the hose leading to Jenkins' cottage. We cannot regard that act as a course of conduct. Even if appellant *was* under a duty to restore the flow of water, his one week's failure to do so is not "a pattern of conduct . . . which establishes a continuity of purpose." *Hotchkiss, supra.*

Moreover, we do not believe that the legislature intended the type of conduct here under consideration to entail criminal sanctions. It is inevitable under modern social conditions that neighbors will become involved in minor disagreements. We do not believe that the Commonwealth has any real interest to vindicate by interfering in such minor annoyances. The evidence in this case portrays two people, living in proximity to each other, involved in an annoying disagreement to which almost everyone is

subject at one time or another. The appellant's act of cutting his water hose, though possibly a wrongdoing, is not criminal.[3]

The judgment of the lower court is reversed.

___

3. In the same context, we note that we would probably be inclined to regard appellant's conduct as "too trivial to warrant the condemnation of a conviction," under the "de minimus" section of the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §312). However, since this issue was not presented to the lower court, we will not consider it on appeal.