Memorandum. Judgment of conviction affirmed.
Defendant appeals from a judgment convicting him of harassment (Penal Law, § 240.25, subd 5). Both the supporting deposition herein and the proof at trial clearly established a course of conduct by defendant. This can be seen by an examination of defendant’s pattern of behavior in relation to the victim. Defendant was summoned to the victim’s home to repair a damaged piece of furniture in her den. He beckoned her into the room in which he was working and engaged her in conversation. Then, under the pretense of having her inspect the repair work, he maneuvered her into a position whereby she would readily observe that he had exposed himself. This differs substantially from the act of making a single telephone call to threaten someone and it is merely a fortuitous circumstance that the victim is at home to receive it (cf. *118 People v Chasserot, 30 NY2d 898). Here, defendant actually created the situation and his actions constituted a course of conduct.
In reaching this conclusion we are not unaware of the cases of People v Caine (70 Misc 2d 178) and People v Hotchkiss (59 Misc 2d 823) which were relied upon in the dissent. These cases basically held that in order for there to be a course of conduct, there must be a repetition of the same or similar acts over a period of time, however short, which established a continuity of purpose in the mind of the actor. However, it is our opinion that this interpretation should not be followed. A person is guilty of harassment pursuant to this subdivision if he "engages in a course of conduct or repeatedly commits acts” (emphasis supplied). The use of the disjunctive "or” indicates that the language is to be construed in the alternative sense. Therefore, in order for a pattern of behavior to constitute a course of conduct, it is unnecessary for a defendant to repeatedly commit acts. In addition, both Caine and Hotchkiss dealt with spontaneous, emotional, verbal outbursts, while in the instant case defendant’s actions were calculated and deliberate.
The court below did not err in permitting the People to reopen the case after both sides had rested. (See People v Olsen, 34 NY2d 349.) Moreover, it is our opinion that the People had proven all of the elements of the violation beyond a reasonable doubt at the time that they initially rested.
In addition, it should be noted that a Town Court is a genuine and continuing court and, therefore, it is not divested of jurisdiction when it reserves decision (Commission Staff Comment to CPL 10.10.)