# Commonwealth v. Stull

*John W. Dawson, district attorney,* for the commonwealth.

*Thomas D. Heberle,* for defendant.

THOMAS, *P.J.,* August 8, 1988 — Defendant came before the court in a non-jury trial charging a summary violation of harassment, 18 Pa.C.S. §2709(3), and a misdemeanor charge of recklessly endangering.[*] A demurrer to the recklessly endangering count was sustained and agreed to by the district attorney, as case law holds that if the recklessly endangering charge involves a firearm it must be proven the same was loaded. See *Commonwealth v. Gouse,* 287 Pa. Super. 120, 429 A.2d 1129 (1981). Trial proceeded on the summary charge of harassment and we found defendant guilty.

The facts in the light most favorable to the commonwealth may be summarized as follows: Defendant was apparently behind in his truck payments to a local bank and the bank engaged the services of a repossessing company to repossess the truck. On

---

[*] §2709. Harassment—

"(3) he engages in a course of conduct or repeatedly commits acts which alarm or serious annoy such other person and which serve no legitimate purpose."

July 16, 1987, sometime between 8:00 a.m. and 9:00 a.m. two repossessors went to defendant's residence, identified themselves and advised they were there to repossess his truck. Defendant advised them in less than polite terms that they were not going to do so, and instructed his 15-year-old son to "get the gun." His son declined. Accordingly defendant went to a gun cabinet, and returned with what was believed to be a 30-30 lever action rifle in his hands and pointed it in the general direction of one or both repossessors, advising them that he was not giving up his truck. He contended he had made a payment and thought he had made arrangements with the bank to delay the repossession. After a few minutes of inconsequential conversation the repossessors left.

We note defendant contended that the gun was a mere beebee gun type replica of a 30-30 rifle, and that he merely stood five feet back from the door with his hand on the muzzle and the butt on the floor. We resolved this conflict of testimony in favor of the commonwealth.

A study of defendant's brief and a review of *People v. Kane*, 70 Misc. 2d 178, 333 NYS 2d 208 (1972), interpreting a statute similar to Pennsylvania's convinces us our conviction was in error. While there is a general paucity of Pennsylvania case law interpreting what is meant by the "course of conduct" requirement of 2709(3), on studied reflection we conclude as a general principle that a single act of threatening conduct was not within the intention of the legislature when they enacted the harassment statute. The thrust and obvious intent of the harassment statute was conduct of a *repeated* nature carried out by a series of harassing acts. We simply cannot interpret section 2709 as permitting the filing of a harassment charge whereby a given defend-

ant commits a single isolated act that may annoy or alarm another person. To so interpret this criminal statute would make it a general "catch-all" for the charging of a wide variety of single acts committed on the spur of the moment. We believe we erred in finding defendant guilty of the summary offense of harassment under the facts as found by the court in this case, and accordingly we will correct said error by granting the motion in arrest of judgment and enter an amended verdict of not guilty.