J-S82034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RICARDO MELENDEZ, | : | |
| Appellant | : | No. 1836 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 29, 2018
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004514-2017

BEFORE: LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 12, 2019**

Ricardo Melendez (Appellant) appeals from the judgment of sentence of a maximum of six months of incarceration, with credit for time served, imposed following his convictions for two counts of harassment. We affirm.

We provide the following background. Appellant and Pedro Ortiz have been acquaintances for over 10 years. Ortiz and Patrick Tronoski opened a restaurant together in 2017. Norma Romero was also involved in the operation of the business, and Ortiz and Romero have two children together. Sometime in late 2016 or early 2017, Appellant began to assist Ortiz and Tronoski in preparation for the restaurant's opening. Appellant also asked Ortiz whether Appellant's mother could work at the restaurant, and Ortiz agreed to hire her as a hostess. By early March 2017, the relationship between Appellant and the three others, Ortiz, Tronoski, and Romero, had

_____
*Retired Senior Judge assigned to the Superior Court.

deteriorated. According to Romero, Appellant was bossy and at times "physical … intimidating and creating conflicts between" her, Ortiz and the employees. N.T., 5/17/2018, at 63-64. As a result, Ortiz told Appellant he was no longer permitted on the premises of the restaurant. Despite this, on March 3, 2017, Appellant entered the premises and removed several items, including $400 cash, a credit card, computer monitor, and files. Appellant and Ortiz disputed to whom the items belonged; each man maintained that they were his own. Ortiz contacted Appellant when he discovered the items were missing, and the men exchanged several text messages; Ortiz found Appellant's messages offensive and insulting. Appellant said he was upset because his mother had not been paid for 20 hours she had worked at the restaurant.

On March 15, 2017, Appellant called Ortiz several times while Ortiz was in the car with Romero and his children. Ortiz testified that Appellant began to "insult me, said he was going to kill me, and he was going to have me deported[1] and ... he would leave my children without a father." N.T., 5/18/2018, at 78-79. Ortiz hung up the phone; Appellant immediately sent

_____

1 Ortiz is an undocumented immigrant. N.T., 5/18/2018, at 60.

numerous text messages to Ortiz, in both English and Spanish, which contained threats and names which Ortiz perceived as derogatory.[2]

> Appellant called [] Ortiz "useless" and texted [] Ortiz, "Keep your mouth shut so I don't expose you." Appellant also texted [] Ortiz that he would "bring to your door a pair of institutions"; those institutions were the Department of Labor and [the U.S.] Immigration [and Customs Enforcement].

> Appellant continued threatening [] Ortiz through text messages. "I'm going to take instructions to your door. Imbecile. You're not in Mexico. Go back so you can do your bullshit there," texted Appellant. Appellant knew [] Ortiz was undocumented and feared deportation, and knew those text messages intimidated him.

Trial Court Opinion, 10/2/2018, at 6-7 (citations to the record omitted). Appellant further texted Ortiz, "The difference between you and me … I have the right to speak." N.T., 5/18/2018, at 80.

Within days, Ortiz reported Appellant's conduct to the Norristown police department. Shortly thereafter, Appellant posted a message on Ortiz's business website calling him an "animal and people abuser." N.T., 5/18/2018, at 20-21. After an investigation, Appellant was charged with one count each of stalking and defiant trespass, two counts of terroristic threats, and four

_____

[2] Some of the Spanish names translate to "a prostitute," "son of a bitch," and "son of a whore." N.T., 5/18/2018, at 81.

counts of harassment.[3]  A three-day jury trial occurred between May 17 and 22, 2018.

On May 22, 2018, Appellant was found guilty of harassment of Ortiz.[4] Appellant was found not guilty on the remaining charges.  On May 29, 2018, Appellant was sentenced to a maximum of six months of incarceration, with credit for time served, on the misdemeanor harassment conviction.  The summary harassment charge merged therewith, and no further penalty was imposed.  Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the sufficiency of the evidence to sustain his harassment convictions.  Appellant's Brief at 11-22.  Specifically, Appellant argues that the evidence is insufficient to find the requisite "intent to harass, annoy or alarm another."  *Id.* at 11.  He claims he was instead "seeking the return of his property and seeking payment for his mother."  *Id.* at 13.  We review this issue mindful of the following.

> Whether sufficient evidence exists to support the verdict is a
> question of law; our standard of review is *de novo* and our scope

_____

[3] Two of the counts of harassment related to Ortiz and the other two related to Romero.  Two theft charges and one access device fraud charge were withdrawn in exchange for Appellant's waiver of his preliminary hearing. Further, at trial, the Commonwealth did not proceed on one of the two terroristic threat counts.

[4] The jury found Appellant guilty of harassment, a misdemeanor of the third degree, and the trial court found him guilty of the summary offense of harassment.

- 4 -

of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.] The evidence need not preclude every possibility of innocence….

*Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (internal citations and quotation marks omitted). Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Scott*, 146 A.3d 775, 777 (Pa. Super. 2016).

Appellant was convicted of violations of subsections (a)(7) and (a)(3) of the harassment statute, which provide in relevant part:

**(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

*\*\*\**

(3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5) communicates repeatedly in an anonymous manner;

(6) communicates repeatedly at extremely inconvenient hours; or

(7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa.C.S. § 2709(a)(3)-(7). Subsection (a)(7) is a misdemeanor of the third degree, while subsection (a)(3) is a summary offense. For purposes of the harassment statute, intent may be inferred from the totality of the circumstances. *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

In analyzing Appellant's claim, the trial court set forth the following.

Appellant's sole argument on appeal is that the evidence was insufficient to find the requisite intent to harass, annoy or alarm because the evidence tended to show that [Appellant] was seeking a return of his property when he contacted [] Ortiz. The jury was free to accept or reject his proffered explanation for his conduct. Regardless of his stated motivation, the jury concluded he possessed the requisite intent to harass, annoy and alarm. The jury, after making credibility determinations and weighing the testimony, is free to believe all, part, or none of the evidence.

Two things can be true at the same time: Appellant can be seeking the return of his property and be guilty of harassment. While Appellant's end goal may have been to get his property returned, the jury concluded that he displayed an intention to harass, annoy and alarm [] Ortiz.

Here, Appellant made disparaging remarks to [] Ortiz's business partner; made disparaging comments to [] Ortiz through text messages and phone calls; threatened [] Ortiz with deportation, leaving his children without a father; and threatened to kill him, amongst other communications and conduct that served no legitimate purpose.

Undoubtedly, there was conflicting testimony throughout the trial, but it is within the province of the jury to weigh the testimony and believe all, part, or none of the evidence. The jury convicted Appellant of only the harassment charges involving [] Ortiz, demonstrating that this jury was meticulous when applying the evidence to the legal instructions given by [the trial] court. It further demonstrates that this jury weighed the given testimony and made credibility determinations.

- 6 -

Trial Court Opinion, 10/2/2018, at 13-14 (capitalization altered).

Reviewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude the trial court's findings and conclusions are supported by the record. The evidence established that Appellant threatened to kill Ortiz; Appellant was angry with Ortiz; Appellant knew Ortiz was an undocumented immigrant who lived in fear of deportation; Appellant made phone calls to Ortiz in which he threatened to have Ortiz deported and leave Ortiz's children without a father; after Ortiz hung up the phone on Appellant, Appellant continued to send Ortiz numerous text messages wherein he called him "useless," "a prostitute," "a son of a bitch," and "a son of a whore" who should "keep [his] mouth shut" on threat of being "exposed;" and Appellant posted a message on Ortiz's business website calling him an "animal and people abuser." N.T., 5/17/2018, at 68, 72; N.T., 5/18/2018, at 78-79, 81, 207-08, 211, 216; N.T., 5/22/2018, at 20-21, 37-38. From the totality of these circumstances, the fact-finder was free to infer Appellant intended to harass, annoy, or alarm Ortiz. *Cox*, 72 A.3d at 721; *see also Walls*, 144 A.3d at 938 (finding evidence sufficient to sustain harassment conviction and rejecting Walls' argument that he did not intend to harass, annoy or alarm, where Walls shouted at an assistant district attorney that "she caused his grandmother's death and that she should be next.")

Appellant claims that his behavior served the legitimate purpose of retrieving property and money from Ortiz, and thus cannot form the basis of

harassment.[5]  Appellant's Brief at 13-19, *citing*, *inter alia*, **Commonwealth v. Wheaton**, 598 A.2d 1017 (Pa. Super. 1991) (finding Wheaton's threat to sue excavators working on a water line next to his property, as well as two trustees of the water association, if his water was turned off, insufficient to sustain his harassment conviction where his interest in maintaining water to his home was a legitimate purpose and his intent was to prevent a water shut-off, not to harass the individuals with whom Wheaton spoke); **Commonwealth v. Battaglia**, 725 A.2d 192 (Pa. Super. 1999) (finding insufficient evidence to sustain harassment conviction premised on three acts: threatening with profanity to sue a police officer, grabbing a pen from the officer's hand, and not following the officer's directions, where Battaglia's actions were responsive, not provocative, to the officer, his threat to sue was a legitimate purpose, and his actions were not a course of conduct).

In contrast, here it is Appellant's repeated calls and texts to Ortiz, derogatory names, vulgar language, threats (including the threat to kill), and the online post to Ortiz's company website that constitute harassment.  The

---

[5] We note that Appellant's Rule 1925(b) statement does not raise a claim of insufficiency of the evidence with respect to the element of "acts which serve no legitimate purpose."  **See** 18 Pa.C.S. § 2709(a)(3); **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted) ("[T]he Rule 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient.").  While we could find waiver on this basis, **see Williams, supra**, we decline to do so because the allegation of error is straightforward, the trial court addressed it in its opinion, and we are able to analyze the element on appeal.

fact-finder was free to find that none of these acts served a legitimate purpose but rather, that they served to harass, annoy, or alarm Ortiz. Further, the evidence showed that Appellant engaged in a course of conduct that was unsolicited and provocative; he kept calling and texting Ortiz even after Ortiz had ended their relationship, and he posted the derogatory online review after Ortiz had complained to the police about Appellant's behavior.

Appellant also argues that his conduct was *de minimis* and amounted to nothing more than a "squabble" where "harsh words were used by both sides." Appellant's Brief at 20, *citing* **Commonwealth v. Schnabel**, 344 A.2d 896 (Pa. Super. 1975). **Schnabel** involved a single, isolated act which this Court did not find to be a course of conduct under the harassment statute. The evidence here was much more than a single, isolated act, and the escalating nature of Appellant's anger and threat to kill Ortiz was more than a squabble.

Appellant's remaining claims[6] are waived for failure to include them in his Rule 1925(b) statement or the statement of questions involved section of his brief. **See** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement … are waived"); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly

---

[6] **See** Appellant's Brief at 16-17 (claiming that Appellant's communications were protected by the First Amendment); *id.* at 20-22 (claiming that his threat to kill Ortiz should be disregarded because none of the text messages between Appellant and Ortiz contained a death threat, and because the jury found Appellant not guilty on the terroristic threats charge).

suggested thereby."); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived"); ***Commonwealth v. Kennedy***, 151 A.3d 1117, 1122 n.12 (Pa. Super. 2016) (finding argument waived where it was not included in statement of questions involved).

Even if Appellant had preserved properly these claims for our review, they would not merit relief. First, while Appellant certainly has a right to file a complaint with the Departments of Labor and Immigration, he is not protected from threatening to kill Ortiz or otherwise denigrate him in a derogatory, vulgar, and threatening manner. Second, as noted, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, was free to believe Ortiz's testimony that Appellant threatened to kill him. N.T., 5/18/2018, at 78; ***see also Scott***, 146 A.3d at 777. Moreover, to the extent Appellant so claims, inconsistent verdicts generally do not present a challenge to the sufficiency of the evidence. As our Supreme Court has stated,

> [f]ederal and Pennsylvania courts alike have long recognized that jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt. Rather, it has been the understanding of federal courts as well as the courts of this Commonwealth that an acquittal may merely show lenity on the jury's behalf, or that the verdict may have been the result of compromise, or of a mistake on the part of the jury. Accordingly, the United States Supreme Court has instructed that courts may not make factual findings regarding jury acquittals and, thus, cannot upset verdicts by speculation or inquiry into such matters.

- 10 -

***Commonwealth v. Moore***, 103 A.3d 240, 1246 (Pa. 2014) (citations and quotation marks omitted).  Thus, no relief is due.

Accordingly, we conclude that Appellant is not entitled to relief on his sufficiency-of-the-evidence claim and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19