People v Smith (2025 NY Slip Op 52129(U))

[*1]

People v Smith

2025 NY Slip Op 52129(U)

Decided on October 31, 2025

City Court Of Beacon, Dutchess County

Johnston, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2025
City Court of Beacon, Dutchess County

The People of the State of New York

againstKatrina T. Smith, Defendant.

Docket No. CR-753-25

Gregory J. Johnston, J.

Defendant stands before this Court charged with Harassment in the Second Degree, in violation of § 240.26(3) of the New York State Penal Law. The charge stems from an incident that took place in the City of Beacon on May 11, 2025. On October 20, 2025, a bench trial was held on this matter. The People of the State of New York were represented by Special Prosecutor Christian Gates, Esq. The Defendant was present and represented by Susan Mungavin, Esq. of the Dutchess County Public Defender's Office. After a thorough review of the testimony and evidence, the Court's findings of fact and determination are set forth below.
TRIAL TESTIMONYThe People's only witness was Lauren Collica. The Court finds her testimony credible. In sum and substance, Ms. Collica testified that she lives at [REDACTED]. She described the complex as having eight buildings and indicated that she lives in building [REDACTED]. There are twelve units in building [REDACTED] and unit [REDACTED] and unit [REDACTED] share a common stairway. Ms. Collica has doorbell cameras which are positioned on her balcony and front door. The cameras can be activated manually or by detecting motion. The footage from those cameras goes to an app on her phone which she can save. Ms. Collica testified that her neighbor, who she identified as the defendant, moved into apartment [REDACTED] on April 2, 2025 and Ms. Collica introduced herself at that time.
Ms. Collica testified that on May 11, 2025 at approximately 3:00 p.m., she was home alone and [*2]could clearly hear screaming coming from the defendant's apartment. Her cameras were able to pick up the screaming and a thumb drive of the incident was entered into evidence as People's Exhibit "1". The thumb drive contained an approximately three-and-a-half-minute video clip (with the included audio) of the incident in question. Ms. Collica was able to identify the defendant's voice and heard the defendant make threats towards her. She stated that she does not have a lot of privacy at her apartment and described being fearful of the defendant and confirmed that she drove a Lexus which was mentioned on the recording. Ms. Collica did not report the incident to the police until July, 2025 because she did not know if she should immediately report it. A copy of her July 22, 2025 supporting deposition that was taken by the City of Beacon Police Department was entered into evidence as People's Exhibit "2". The supporting deposition details the statements that the defendant made on the date in question and references a previous call the witness made to the police because the defendant was having a loud party in her apartment.
On cross-examination, Ms. Collica indicated that her "Blink" cameras are motion activated. She added that they sometimes record even if there is no person outside. On the date of the incident, she heard screaming but did not see the defendant in the hallway and stated that the defendant's door was shut. She testified that she hears yelling and screaming coming from the defendant's apartment on an almost daily basis. However, no testimony was presented regarding any other alleged harassing behavior by the defendant on other occasions. Ms. Collica conceded that she did not know if anyone was in the defendant's apartment with her at the time of the incident and she could not determine who the defendant was talking to at the time. Ms. Collica stated that she made the police report in July, 2025 after the defendant called the police on her and that she had no contact with the defendant since April, 2025. 
FINDINGS OF FACT AND CONCLUSIONS OF LAWDefendant is charged with violating New York State Penal Law § 240.26(3) which provides in pertinent part that a person is guilty of harassment in the second degree "when, with intent to harass, annoy or alarm another person he or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose."In the context of a criminal case, a course of conduct has been interpreted by the courts to mean "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose" (People v. Todd [Norman], 57 Misc 3d 157[A] [App. Term 2nd Dep't 2017], quoting People v. Payton, 161 Misc 2d 170, 174 [Kings County Criminal Court 1994]). An individual does not need to repeatedly commit acts to be found guilty under this subsection, however, there still must be a "pattern of behavior" in relation to a complainant (People v. Tralli, 88 Misc 2d 117 [App. Term 2nd Dep't 1976]). An isolated incident is not sufficient to sustain a charge under this subsection (People v. Wood, 59 NY2d 811 [1983]). 
In the instant matter, there was no evidence presented tending to demonstrate that the defendant engaged in a pattern of conduct or behavior in relation to Ms. Collica. Instead, the trial evidence detailed a singular, uninterrupted incident, that lasted for approximately three and a half minutes in which the defendant could be heard speaking to an unknown individual inside of her apartment, allegedly in reference to the complainant. The facts and evidence adduced at trial of this isolated incident do not support of charge of harassment in the second degree (See, People v. Chasserot, 30 NY2d 898 [1972]; People v. Hogan, 172 Misc 2d 279 [Kings County Criminal Court 1997]).
Based on the foregoing, the Court finds the Defendant NOT GUILTY of violating New York Penal Law § 240.26(3).
Dated: October 31, 2025Beacon, New YorkGREGORY J. JOHNSTONCITY COURT JUDGE