OPINION OF THE COURT
Joseph F. Bruno, J.
PRELIMINARY STATEMENT
Defendant, charged, inter alla, with two counts of menacing (Penal Law § 120.14 [2]), which allegedly occurred on two separate occasions, now moves to dismiss the two counts on the grounds of facial insufficiency.
The information also charges the defendant with crimes committed against the complainant in two other incidents which, though not the subject of this motion, may relate to whether the defendant engaged in a "course of conduct” which is proscribed by Penal Law § 120.14 (2).
CONTENTIONS OF THE PARTIES
The defendant contends that the two menacing charges are facially insufficient pursuant to CPL 100.15 (3) because the factual part of the information does not contain a statement of the complainant which alleges facts of an evidentiary character supporting or tending to support the menacing charges.
Defendant, however, seems to confuse the predecessor statute to Penal Law § 120.15, which requires that the actor place another in fear of "imminent serious physical injury” (Penal Law former § 120.15), with Penal Law § 120.14 (2), the anti-stalking subdivision of menacing in the second degree, which has no requirement that the danger is "imminent” or that the injury is a serious one. He cites People v Vazquez (136 Misc 2d 1057 [Crim Ct, NY County 1987]) and People v Diaz (146 Misc 2d 260 [Crim Ct, Bronx County 1990]) for the proposition that "[t]here is no fact to indicate nor even any allegation that physical injury was imminent.”
The defendant also maintains that no facts are alleged to indicate the defendant’s intent or ability to place the complainant in fear of "imminent serious physical injury.” (Citing *172 People v Wright, NYLJ, July 19, 1991, at 23, col 4 [Crim Ct, NY County].)*
The People have responded to defendant’s motion by using boiler plate language in their bald assertion that the factual allegations in the information, "if proven true are sufficient to establish each and every element of the defense [sic] charged.”
- CONCLUSIONS OF LAW
This is a case of apparent first impression in which the defendant contends that the crimes charged under the newly enacted antistalking law (Penal Law § 120.14 [2]) are facially insufficient.
An information or a count thereof is facially sufficient if it contains allegations in the factual part of the accusatory instrument which, when read together with any supporting depositions which may accompany the instrument, (1) provide reasonable cause to believe that the defendant committed the offense charged, and (2) establish, if true, by nonhearsay allegations, every element of the offense(s) charged and the defendant’s commission thereof. (CPL 100.15 [3]; 100.40, 170.35 [1]; see also, People v Alejandro, 70 NY2d 133 [1987].) Conclusory allegations are insufficient and render the purported instrument defective. (People v Dumas, 68 NY2d 729 [1986].)
The first antistalking bill was passed in California in 1990 following the fatal shooting of actress Rebecca Schaeffer by an obsessed fan. New York then joined a growing number of States that impose special criminal penalties for stalking. (Spencer, State Tightens Penalties for Stalking, NYLJ, Aug. 20, 1992, at 1, col 3.) Lawmakers in at least 39 States have antistalking laws on the books. (Note, Stopping Stalkers: A Critical Examination of Anti-Stalking Statutes, 67 St John’s L Rev 347 [1993].)
*173 The former single degree crime of "menacing” has been divided into three statutes, effective November 1, 1992, with the former single degree menacing statute designated "menacing in the third degree” (Penal Law § 120.15) and the new statutes designated "menacing in the second degree” (Penal Law § 120.14) and "menacing in the first degree” (Penal Law § 120.13). (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.14, 1994 Pocket Part, at 155.)
Penal Law § 120.14 (2), the subdivision of New York’s anti-stalking law that defendant is charged with, provides that:
"A person is guilty of menacing in the second degree when: * * *
"2. He or she repeatedly follows a person or engages in a course of conduct or repeatedly commits acts over a period of time intentionally placing or attempting to place another person in reasonable fear of physical injury, serious physical injury or death.”
Thus, the People must allege by sufficient factual allegations that the defendant engaged in a course of conduct with the intent to place another person in reasonable fear of physical injury.
I
The phrase "course of conduct” is not specifically defined in the Penal Law. However, Penal Law § 240.26 (3), harassment in the second degree (Penal Law former § 240.25 [5]), uses the same phrase in a similar context to Penal Law § 120.14 (2). Penal Law § 240.26 (3) notes that harassment in the second degree is established when the defendant "engages in a course of conduct or commits acts” in violation of that section.
The Appellate Term, Second Department, interpreted the predecessor statute to Penal Law § 240.26 (3) in the context of the meaning or intent of the Legislature in including the disjunctive "or” between "course of conduct” and "committed acts.” The Appellate Term held that "[t]he use of the disjunctive 'or’ indicates that the language is to be construed in the alternative sense. Therefore, in order for a pattern of behavior to constitute a course of conduct, it is unnecessary for a defendant to repeatedly commit acts.” (People v Tralli, 88 Misc 2d 117, 118 [App Term, 2d Dept 1976].)
This court, with guidance from the Appellate Term in *174 People v Tralli (supra), finds that the term "course of conduct” máy reasonably be interpreted to mean a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. While constitutionally protected activity has been specifically excluded in some antistalking statutes, New York’s statute is broader. It prohibits a course of conduct or repeated acts occurring over a period of time which intentionally places another person in reasonable fear of physical injury. Thus, seemingly constitutional behavior, if it is made a part of a "course of conduct” or repeated activity with the requisite scienter, if proven, will violate New York’s antistalking statute. (Note, 67 St John’s L Rev, op. cit., at 371-372.)
II
The People must plead intent to place or attempt to place another in reasonable fear of physical injury as the defendant’s "intention” to place the complainant in such fear is an element of menacing in the second degree (Penal Law § 120.14 [2]; see, CPL 100.40 [1] [c]; 100.15 [3]).
A comparison of the new menacing crime (Penal Law § 120.14 [2]), with the lower penalty crimes of the harassment statutes (Penal Law §§ 240.25, 240.26), may further clarify the issue of intent.
"[Mjenacing in the second degree [Penal Law § 120.14 (2)], requires that the actor intentionally place the target in 'reasonable fear’ of any physical injury * * * Harassment in the second degree [Penal Law § 240.26] requires an intent to harass with a consequence of the actor’s conduct being the placement of the targeted person in 'reasonable fear’ of physical injury, irrespective of whether the actor intended to cause such fear.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.14, op. cit., at 156.)
Ill
The requirements in the statute of "reasonable fear” and "course of conduct” in the context of the facial sufficiency of an information, means that the factual allegations in the information and/or the supporting deposition must support or tend to support the allegation that the defendant engaged in a course of conduct and that this conduct resulted in the complainant’s fear which was reasonable. (See, CPL 100.15 [3]; see *175 also, People v Goetz, 68 NY2d 96 [1986].) Menacing in the second degree may also be committed by two or more threats, express or implied, to cause serious physical injury to another person. (Mem to Governor’s Program Bill No. 247, L 1992, ch 345.)
DISCUSSION
This court, in its assessment of whether it is sufficiently alleged in the information that this defendant "intentionally” engaged in a "course of conduct” and whether the complainant’s fear was "reasonable”, will look at the entirety of the defendant’s alleged conduct toward the complainant. Past experiences of the complainant are relevant to the allegations of defendant’s intention to place the complainant in reasonable fear of physical injury. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.14, op. cit., at 156; see also, People v Goetz, 68 NY2d 96, 114, supra [A determination of reasonableness with regard to the defense of justification under Penal Law § 35.15 must be based on the "circumstances” facing a defendant or his "situation.” These terms include any relevant knowledge the defendant had about that person].)
The two counts of menacing, which are the subject of defendant’s motion herein, allegedly occurred on November 24, 1993 and December 1, 1993. The information alleges that on November 24, 1993, the defendant "followed informant for two blocks placing informant in fear of physical injury.” On December 1, 1993, the defendant was allegedly "standing across the street watching informant who was alone. Defendant did then approach informant, and when other people approached informant, defendant then walked away. As a result of above, informant was placed in fear of physical injury.”
The information also alleges that prior to these menacing incidents, the defendant engaged in other related criminal activity. In the first incident, which is said to have occurred on or about October 15, 1993, the defendant allegedly "punch[ed] informant in the face and [threw] informant on a bed whereupon the defendant removed informants [sic] clothes and placed defendant’s mouth and tongue against informant’s vagina * * * informant was required to have stitches around informant’s eye and suffered substantial pain.” In the second incident, allegedly occurring on or about October 16, 1993, the *176 defendant has been accused of calling the informant on the telephone and leaving messages "on informant’s answering machine threatening informant that defendant knew where informant lived and knew where her children went to school.”
This court finds that the incidents occurring on November 24, 1993 (following complainant for two blocks) and on December 1, 1993 (approaching the complainant and walking away when other people approached) when considered together with the allegations of assault alleged to have occurred on October 15, 1993 and the allegations of harassment alleged to have occurred on October 16, 1993, support or tend to support, for facial sufficiency purposes, a single count of menacing in the second degree (Penal Law § 120.14 [2]).
The mere act of following the complainant or approaching the complainant, if standing alone, may not be sufficient to allege a violation of Penal Law § 120.14 (2). However, when these acts are taken together with an alleged serious assault and telephone harassment with threats against the complainant and her family, a "course of conduct” occurring within a relatively short period of time, approximately 45 days, is sufficiently alleged. The alleged "course of conduct” is proscribed by Penal Law § 120.14 (2).
The allegations of defendant’s "course of conduct” clearly encompass two or more threats, express or implied, to cause physical injury to another person. He allegedly caused physical injury, made an express threat over the phone and then followed the complainant for two blocks and approached the complainant. Thus, the factual portion of the information contains sufficient (factual) allegations to support the accusatory portion of the information that the defendant "intentionally” placed or attempted to place the complainant in "reasonable fear” of physical injury in contravention of the conduct proscribed in Penal Law § 120.14 (2). (See, People v Victor P., 120 Misc 2d 770, 773-774 [Crim Ct, NY County 1983] [when allegations of the information charging the offense of sexual abuse in the third degree are being tested for facial sufficiency, the intent element of sexual contact may be inferred from the factual portion of the information]; see also, People v Goetz, 68 NY2d 96, 114, supra.)
The charge of menacing in the second degree (Penal Law § 120.14 [2]), alleged to have occurred on December 1, 1993, is facially sufficient, as it represents the cumulative "course of conduct” alleged to have occurred on October 15, 1993, Octo *177 ber 16, 1993, November 24, 1993 and December 1, 1993. One count of menacing (Penal Law § 120.14 [2]) has been sufficiently alleged to encompass all of the "course of conduct” set forth in the information. The charge of menacing alleged to have occurred on November 24, 1993 is dismissed.
The People may wish to file a superseding information, consistent with this decision, in order to provide all parties and the court with a clearer and more concise statement of the remaining charges.

 Penal Law § 120.15 was amended in 1992. The respective defendants, in all of the cases cited by this defendant (People v Vazquez, 136 Misc 2d 1057, supra; People v Diaz, 146 Misc 2d 260, supra; People v Wright, NYLJ, July 19, 1991, at 23, col 4 [Crim Ct, NY County], supra), were charged with menacing under Penal Law former § 120.15. The former statute, entitled "Menacing”, read: "A person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
The present statute, Penal Law § 120.15, entitled "Menacing in the third degree”, reads: "A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.”