[10 NYS2d 792]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOR-
MAN VENSON, Appellant.

Supreme Court, Appellate Term, First Department, February 20, 2015

---

### APPEARANCES OF COUNSEL

*The Legal Aid Society*, New York City (*Amy Donner* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Ryan Gee* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered March 5, 2012 reversed, on the law, accusatory instrument dismissed and surcharge, if paid, remitted.

In view of the defendant's knowing waiver during the plea proceedings of the right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (*see People v Dumay*, 23 NY3d 518 [2014]). Even when viewed under the more liberal standard, the accusatory instrument was jurisdictionally defective since it failed to allege "facts of an evidentiary character" (CPL 100.15 [3]) demonstrating "reasonable cause" to believe (CPL 100.40 [4] [b]) that defendant was guilty of third-degree stalking (*see* Penal Law § 120.50 [3]), the crime to which he ultimately pleaded guilty. As hereinafter indicated, the People's pleading lacked allegations sufficient to satisfy the "course of conduct" and "reasonabl[e] fear" elements of the charged crime (*id.*).

The accusatory instrument describes the following narrative. Defendant "briefly" met the complainant in September of 2009, when the latter was moving into a residential apartment building situated at a given street address on West 12th Street, in

Manhattan, a location which apparently was in the immediate vicinity of defendant's residence. The complainant "received" gifts from defendant on two occasions, first in October 2009, when defendant gave the complainant a set of pots and pans, telling her that the kitchenware "would look good in [her] apartment," and then in January 2010, when defendant gave her candles, with no indication provided in the accusatory instrument that the complainant refused or voiced objection to the gifts on either occasion. Some 18 months later, on July 21, 2011, defendant "approached and followed" the complainant into the laundry room of her apartment building and asked her, in sum and substance, to "remove" her television set from her apartment window because it was "keeping [him] up," in response to which the complainant told defendant to stop contacting her and leave her alone. Finally, at some point later in that same month, the complainant "became aware" of the existence of nude photographs which defendant acknowledged to police he had taken at some unspecified point in time in order to "show" the cooperative board of the complainant's apartment building that the complainant was "enticing" him.

The above-stated facts, even when taken together with all reasonable inferences which can be drawn from those facts (*see People v Jackson*, 18 NY3d 738, 747 [2012]), fail to provide reasonable cause to believe that defendant engaged in the type of intrusive and repetitive conduct that the anti-stalking statute was aimed to prevent (*see generally and compare People v Stuart*, 100 NY2d 412, 416-417 [2003]). The infrequent and temporally diffuse contact with the complainant that defendant allegedly initiated, spread out over a period spanning nearly two years, did not make out a "course of conduct" as that term is used in the statute, viz., a series of acts "evidencing a continuity of purpose" (*People v Ubbink*, 120 AD3d 1574, 1575-1576 [2014], quoting *People v Payton*, 161 Misc 2d 170, 174 [1994]). Moreover, defendant's largely ambiguous behavior—including his initial and, so far as alleged, unexcepted to gift-giving and the single instance of his "approach[ing] and follow[ing]" the complainant ostensibly to voice noise concerns over her television use—did not constitute the type of "unacceptably intru[sive]" behavior (*People v Stuart*, 100 NY2d at 417, quoting L 1999, ch 635, § 2) necessary to support the "reasonabl[e] fear" element of the stalking charge here involved (*cf. People v Noka*, 51 AD3d 468, 468 [2008], *lv denied* 11 NY3d 739 [2008]). Defendant's alleged conduct in taking nude

photographs of the complainant at some unspecified point in time and distributing them to a third party, though reprehensible, was not enough to salvage the People's otherwise insufficient stalking allegations.

Lowe, III, P.J., Shulman and Hunter, Jr., JJ., concur.