THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS CESAIRE, Appellant. [5 NYS3d 906]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Henry, J.), rendered December 14, 2011, convicting him of attempted criminal contempt in the second degree (two counts), harassment in the second degree, and attempted aggravated harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of attempted aggravated harassment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

"Where a substantive criminal statute has been held unconstitutional, there is no alternative but to give the decision retroactive effect for the declaration of unconstitutionality is a statement that the defendant has committed no crime" (*People v Tannenbaum*, 23 NY2d 753, 753 [1968]; *see People v Edrees*, 123 AD3d 842, 843 [2014]). In *People v Golb* (23 NY3d 455 [2014]), the Court of Appeals held that Penal Law § 240.30 (1), as written at the time of the defendant's conviction, was unconstitutionally vague and overbroad under both the state and federal constitutions (*see People v Golb*, 23 NY3d at 466-468; *People v Edrees*, 123 AD3d at 843). Accordingly, the defendant's conviction of attempted aggravated harassment in the second degree must be vacated (*see People v Golb*, 23 NY3d at 468; *People v Edrees*, 123 AD3d at 843). In light of the foregoing determination, the defendant's remaining contentions with respect to that conviction have been rendered academic.

As to the remaining convictions, the defendant's contentions with respect to the amendment of the accusatory instrument to reduce charges of criminal contempt in the second degree to attempted criminal contempt in the second degree are unpreserved for appellate review (*see People v Mejia*, 122 AD3d 495,

495 [2014]) and, in any event, without merit (*see id.*; *People v Edwards*, 58 AD3d 412, 412 [2009]; *see also People v Urbaez*, 10 NY3d 773, 775 [2008]). The defendant's contention that he was deprived of the effective assistance of counsel also is without merit (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *see also People v Caban*, 5 NY3d 143, 156 [2005]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.