Weston, J.
(dissenting in part and concurring in part and voting to modify the judgment of conviction by vacating the convictions of aggravated harassment in the second degree, stalking in the fourth degree, and harassment in the second degree, and dismissing the counts of the accusatory instrument charging these offenses, in the following memorandum). I agree with the majority that the conviction of aggravated harassment in the second degree (Penal Law § 240.30 [1]) should be reversed and the count of the accusatory instrument alleging that offense dismissed (see People v Golb, 23 NY3d 455, 466-467 [2014]; People v Cesaire, 127 AD3d 1226, 1226 [2015]). I also agree that the facts alleged in the accusatory instrument support the charge of criminal trespass in the second degree in that they provide reasonable cause to believe that defendant “knowingly enter [ed] or remain [ed] unlawfully in a dwelling” (Penal Law § 140.15 [1]; see e.g. Matter of Lonique M., 93 AD3d 203, 207 [2012]). Consequently, I too would not disturb defendant’s conviction of this offense.
However, I do not agree that the facts asserted in the accusatory instrument are legally sufficient to support the charges of stalking in the fourth degree (Penal Law § 120.45 [1]) and harassment in the second degree (Penal Law § 240.26 [3]). To state a charge of stalking in the fourth degree, an information must allege facts which, if true (CPL 100.40 [1] [c]), establish that the accused “engage [d] in a course of conduct . . . [which he or she knew] or reasonably should [have] know[n] . . . [was] likely to cause reasonable fear of material harm to the physical health, safety or property” of the alleged victim (Penal Law § 120.45 [1]), not that the accused intended “a specific result,” here, a reasonable fear of material harm (People v Stuart, 100 NY2d 412, 426 [2003]), or even that the subject actually experienced same (id. at 428). As the majority correctly notes, the course of conduct element has been construed to require proof of “a pattern of conduct composed of a series of acts over a period of time . . . evidencing a continuity of purpose” (People v Payton, 161 Misc 2d 170, 174 [Crim Ct, Kings County 1994], quoted with approval in People v Ubbink, 120 AD3d 1574, 1575-1576 [2014]; see also People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Tralli, 88 Misc 2d 117, 118 [App Term, 2d Dept, 9th & 10th Jud Dists 1976]). While a course of conduct, “however short” (People v Starkes, 185 Misc 2d 186, 189 [Crim Ct, NY County 2000]), may create a reasonable likelihood of fear of harm, the same number of acts, committed over a period of *83 time comparable to that alleged herein, has been deemed too “infrequent and temporally diffuse” to establish the course of conduct element of stalking in the third degree (People v Venson, 47 Misc 3d 92, 94 [App Term, 1st Dept 2015]).
Here, the nature of defendant’s contacts with the complainant did not rise to the level of a “continuity of purpose” necessary to sustain a charge of stalking in the fourth degree (People v Ubbink, 120 AD3d at 1576). Defendant’s sporadic contacts with the complainant were aimed at enticing her to establish contact with him and, at best, could be construed as creating a sense of uneasiness, not a likelihood of fear of harm. Given the relatively innocuous nature of the initial contacts and the lengthy periods of time between the first and last acts alleged, the final communication, however characterized, did not retroactively transform the prior acts into a course of conduct evidencing a continuity of purpose of which the final act was merely the culmination (see People v Jones, 44 Misc 3d 127[A], 2014 NY Slip Op 50967[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] [“When a statute provides for a ‘course of conduct’ or ‘repeated acts,’ factual allegations supporting only a single incident will not suffice”]). Viewed as a whole, the facts alleged in the accusatory instrument do not support an inference that defendant’s continuity of purpose, from the outset, was to repeatedly commit acts which, at the least, he should have known were likely to create a reasonable fear of material harm (see People v Stuart, 100 NY2d at 428).
The charge of harassment in the second degree (Penal Law § 240.26 [3]) contains a “course of conduct . . . which serve[s] no legitimate purpose” element. The Court of Appeals has defined “no legitimate purpose” as having no “reason or justification to engage someone, other than to hound, frighten, intimidate or threaten” (People v Stuart, 100 NY2d at 428). In my view, the facts alleged in the accusatory instrument as to defendant’s conduct do not establish, prima facie, defendant’s intent to inflict such harm.
Accordingly, I would modify the judgment of conviction by vacating the convictions of aggravated harassment in the second degree, stalking in the fourth degree, and harassment in the second degree, and dismissing the counts of the accusatory instrument charging these offenses.
*84 Pesce, P.J., and Aliotta, J., concur; Weston, J., dissents part and concurs in part in a separate memorandum.