The People of the State of New York, Respondent,
against
Andrew Gouzoulis, Appellant.




Christopher Renfroe, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered September 13, 2016. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is modified, on the law, by reducing the term of probation imposed on the conviction of attempted assault in the third degree from three years to one year; as so modified, the judgment of conviction is affirmed.
In July 2015, defendant was arraigned on an accusatory instrument charging him with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). Prior to the start of a nonjury trial, the People filed a prosecutor's information charging defendant with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) (count 1) and harassment in the second degree (count 2). Thereafter, the trial judge decided the People's Sandoval and Molineux applications. Following the trial, defendant was convicted of both charges and was sentenced to, among other things, a three year term of probation on the conviction of attempted assault in the third degree. On appeal, defendant contends that the People reduced a class A misdemeanor charge to a class B misdemeanor in order to deprive him of his right to a jury trial; that he received the ineffective assistance of counsel; and that he was improperly sentenced to three years' probation. 
Defendant's challenge to the dismissal of the class A misdemeanor and its replacement by the class B misdemeanor, by virtue of the filing of the prosecutor's information (see CPL 100.50 [2]), having been raised for the first time on appeal, is unpreserved for appellate review (see [*2]People v Cesaire, 127 AD3d 1226, 1226-1227 [2015]; People v Mejia, 122 AD3d 495, 495 [2014]; People v Gorgenyi, 57 Misc 3d 137[A], 2017 NY Slip Op 51298[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and, in any event, the argument lacks merit (see People v Gorgenyi, 57 Misc 3d 137[A], 2017 NY Slip Op 51298[U]).
The record fails to support defendant's claim that "he did not receive a fair trial because his trial attorney's conduct was egregious and prejudicial" (People v Ambers, 26 NY3d 313, 317 [2005] [internal quotation marks omitted] [in order for a defendant to demonstrate that he received the ineffective assistance of counsel, he must show that the egregious and prejudicial conduct of his counsel deprived him of a fair trial]). Rather, the record indicates that defendant received the effective assistance of counsel under the federal and state standards (see Strickland v Washington, 466 US 688 [1984]; People v Benevento, 91 NY2d 708, 713-714 [1998]).
Since the highest charge of which defendant was convicted was a class B misdemeanor, the maximum period of probation to which defendant could be sentenced therefor was, pursuant to Penal Law § 65.05 (3) (c), one year.
Accordingly, the judgment of conviction is modified by reducing the term of probation imposed on the conviction of attempted assault in the third degree from three years to one year.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2019