People of the State of New York, Respondent, 
against
Devin Bacigalupo, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered September 22, 2014, convicting him, upon a plea of guilty, of attempted coercion in the second degree (two counts) and attempted stalking in the third degree, and imposing sentence.
Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered September 22, 2014, modified, on the law, to vacate defendant's conviction of attempted stalking in the third degree and to dismiss the count of the accusatory instrument relating thereto, and, as modified, affirmed.
Giving the misdemeanor information "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with attempted coercion in the second degree. The information alleges that complainant met defendant on an online dating site, exchanged nude photographs with him, but then ended the relationship, after which defendant contacted complainant in a "series of text messages" and "threatened to release the nude photographs ... if she did not have sex with him." These allegations were sufficient to provide reasonable cause to believe that defendant tried to "compel[] or induce[]" complainant "to engage in conduct which [complainant] has a legal right to abstain from engaging in," by "instilling in ... her a fear that, if the demand is not complied with," defendant would (1) "[e]xpose a secret or publicize an asserted fact," that will subject her to "hatred, contempt or ridicule" (Penal Law § 135.60[5], see also § 110.00); and (2) perform an act that would not in itself materially benefit defendant, but was "calculated to harm" complainant with respect to her "reputation or personal relationships" (Penal Law § 135.60[9], see also § 110.00). 

We agree with defendant, however, that the count of the accusatory instrument charging attempted stalking in the third degree charge (see Penal Law §§ 110.00, 120.50[3]) was jurisdictionally defective, since it failed to allege facts sufficient to establish an essential element of the offense, namely that defendant's conduct caused complainant to "reasonably fear physical injury" (see People v Demisse, 24 AD3d 118 [2005], lv denied 6 NY3d 833 [2006]; cf. People v Noka, 51 AD3d 468 [2008], lv denied 11 NY3d 739 [2008]) or the "commission of a sex offense [*2]against" her (see People v Venson, 47 Misc 3d 92, 94-95 [App Term, 1st Dept 2015]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 11, 2020