676 A.2d 687

**COMMONWEALTH of Pennsylvania**

**v.**

**Todd Michael ZULLINGER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Decided April 30, 1996.

534

Michael G. Leonard, Camp Hill, for appellant.

Alison Taylor, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before DEL SOLE, SAYLOR and HESTER, JJ.

DEL SOLE, Judge.

Appellant Todd Zullinger was convicted before a District Justice of summary harassment. 18 Pa.C.S. § 2709(a)(3). He appealed to the Court of Common Pleas and, following a hearing *de novo,* was again convicted. This appeal followed. We reverse the conviction and vacate the judgment of sentence.

The record reveals that Appellant appeared in the office of District Justice Ronald E. Klair to arrange payments on a traffic citation which Appellant's brother had received. He was wearing a T-shirt "with the words fuck you acrossed [sic] the front—near the waist, and fuck you appeared many times above that." N.T. 11/29/94 p. 5. Klair told Appellant not to wear the shirt into the office again. Appellant told Klair that he had a constitutional right to wear the shirt and would wear it whenever and wherever he pleased. Appellant returned to the office two weeks later to make another payment on his brother's citation and again wore the T-shirt. Klair again told Appellant not to wear the T-shirt and again the two argued over Appellant's right to wear such a T-shirt. Klair then had Appellant cited for disorderly conduct. The charge was nolle prossed by the District Attorney. Sometime after that, Appellant called Klair's office stating he wanted to bring Klair a copy of the nolle pros. Appellant then appeared in Klair's office wearing the same T-shirt and carrying a copy of the nolle pros order. Again the two argued over Appellant's right

to wear the T-shirt. This time, Klair had Appellant cited for harassment.

The citation charged appellant with "repeatedly wearing a T-shirt stating 'Fuck You' multiple times after being told not to wear it." Citation. RR. p. 3. Appellant contends that the trial court erred by convicting him on the basis of uncharged conduct and that his wearing of the T-shirt is constitutionally protected free speech.[1] We agree with Appellant on both arguments.

The citation in a summary case must contain both the specific statute violated and a brief factual summary sufficient to give the defendant notice of the nature of the offense charged. Pa.R.Crim.P. 132. A variance between a citation or indictment and the proof at trial is not fatal if it still gives the defendant sufficient notice and does not cause surprise which is prejudicial to the defense. *Commonwealth v. Ohle*, 503 Pa. 566, 470 A.2d 61 (1983); *Hill v. Commonwealth*, 68 Pa.Commw. 71, 448 A.2d 106 (1982). Herein, the citation set forth only the wearing of the T-shirt as the criminal conduct. The Commonwealth, however, presented testimony of previous encounters between Appellant and the District Justice as well as testimony that, on the day he was arrested, Appellant argued with the District Justice and refused to leave the District Justice's office. When Appellant took the stand, the trial court refused to hear any testimony about the previous encounters, confining Appellant's testimony to the day he was arrested. Clearly, Appellant was both surprised and prejudiced by the variance between the conduct charged and the conduct proved at trial. The court did not consider just the conduct charged, the wearing of the T-shirt, but also considered the previous encounters as well as other occurrences on the day of Appellant's arrest. The court, however, did not permit Appellant to testify to his version of the prior

1. Appellant also argues that the trial court should have granted his writ to supplement the record by introducing the actual shirt into evidence. Due to our disposition, we need not reach this issue.

encounters, thus causing prejudice to Appellant. On this basis, therefore, Appellant's conviction must be reversed.[2]

■■■■ We also agree with Appellant that the language on the T-shirt is constitutionally protected. As a general rule, the First Amendment prohibits government interference with an individual's freedom of speech. Only very narrow exceptions, such as obscenity, defamation, and "fighting words," have been carved out of this general guarantee of freedom. *R.A.V. v. City of St. Paul,* 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). Any speech which does not fit into one of these narrow exceptions is constitutionally protected regardless of how vulgar or lacking in taste or social, political or artistic content. *Cohen v. California,* 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). Contrary to the Commonwealth's suggestion, Zullinger's T-shirt is not unprotected because it did not express a social or political belief. The right to free speech encompasses "the freedom to speak foolishly and without moderation." *Baumgartner v. U.S.,* 322 U.S. 665, 674, 64 S.Ct. 1240, 1245, 88 L.Ed. 1525 (1944). We do not mean to suggest that a judge or district justice may not hold visitors to the court room to certain dress standards for that is not the issue here. These encounters did not take place in the court room but in an office which is open to the public. Although Klair may have found Appellant's T-shirt distasteful, that is not a basis on which the state can restrict Appellant's right to wear the shirt in public. *Cohen* at p. 25, 91 S.Ct. at p. 1788. Thus, on this ground also, Appellant's conviction must be reversed.

Conviction reversed and judgment of sentence vacated.

SAYLOR, J., files a dissenting opinion.

2. We note that Appellant could not have been convicted based solely on his wearing the T-shirt into Klair's office on the day he was arrested. As defined in 18 Pa.C.S. § 2709(a)(3), harassment requires a "course of conduct." A single act will not support a conviction under this section. *Commonwealth v. Schnabel,* 236 Pa.Super. 280, 344 A.2d 896 (1975).

SAYLOR, Judge, dissenting.

Although I agree that Appellant's judgment of sentence should be vacated, I believe that on this record Appellant is entitled to a new trial and not a discharge. Since the majority holds otherwise, I respectfully dissent.

In this case, the Appellant was charged with the summary offense of harassment under 18 Pa.C.S.A. § 2709(a)(3) which provides as follows:

(a) **Harassment**—A person commits the crime of harassment when, with intent to harass, annoy or alarm another person:

. . . . .

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

In my judgment, there was sufficient evidence from which the trier of fact could reasonably conclude that Appellant had committed the offense in question. On his first visit to the office of District Justice Klair, Appellant attempted to pay $5.00 on his brother's traffic citation. He was told not only that his brother should appear in person to arrange a payment schedule, but also that the office did not accept payments of less than $20.00.

Despite having been so informed, Appellant made a second visit to the office two weeks later and again attempted to pay $5.00 on his brother's citation. As a result of the ensuing altercation with District Justice Klair, Appellant was charged with the offense of disorderly conduct, although this charge was eventually nolle prossed.

Appellant then insisted on coming to the office yet a third time to show District Justice Klair the paperwork that he had received concerning the nolle pros, despite having been told that District Justice Klair had received his own copy of the paperwork. Again, a dispute ensued, leading this time to Appellant's arrest on the charge of harassment.

In short, Appellant never had any business of his own to transact in the magistrate's office, and he was told at his first visit that he should not return on his brother's behalf. Therefore, the critical fact, as I see it, is not that Appellant was told at each visit not to wear the offending T-shirt in the office, but rather that Appellant's second and third visits to the office, during which he wore the T-shirt, had no legitimate purpose whatsoever. Appellant's assertion that the language on his T-shirt is constitutionally protected does not insulate him from liability for conduct which is otherwise criminal.

Nevertheless, I find merit in Appellant's claim that the trial court impermissibly restricted Appellant's testimony. After allowing District Justice Klair to testify in considerable detail about each of Appellant's three visits to his office, the trial court informed Appellant, who was then unrepresented by counsel, that

> on June 20th, the date you were arrested on this case, that is what I am interested in. I am not interested in, and it is not relevant, what happened before as far as whether or not you are guilty of harassment on this date because this is the date they say you were in the office when you argued and ... they told you to leave. So tell me what happened on the 20th.

When, at a later point, Appellant referred to "several discrepancies [in] Mr. Klair's testimony regarding some of the incidents ... that led up to this incident[,]" the trial court replied, "I am not listening to that."

As the majority notes, Appellant could not have been convicted of harassment as the result of a single incident. In my view, therefore, the trial court's refusal to allow Appellant to testify concerning two of the three incidents was error requiring the award of a new trial. Accordingly, I would vacate the judgment of sentence and remand for a new trial.