J-A15002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT W. KOCHER JR. | : | |
| | : | |
| Appellant | : | No. 1712 MDA 2017 |

Appeal from the Judgment of Sentence October 4, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-SA-0000260-2017

BEFORE: PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.:                   **FILED AUGUST 08, 2018**

Robert W. Kocher, Jr., appeals from the judgment of sentence imposed following his conviction of the summary offense, Disorderly conduct, 18 Pa.C.S.A. §5503(a)(4).[1] We affirm.

On March 17, 2017, Police Officer Judge Allen, of the Wilkes-Barre Township Police Department, was on routine patrol. At approximately 3:00 p.m., Officer Allen observed a black Jeep, being driven by Kocher, travel in a

_____

[1] Disorderly conduct is defined as: "(a) Offense defined.--A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(4). Because the non-traffic citation issued against Kocher states that he caused "public alarm by creating a hazardous or physically offensive condition" it is graded as a summary offense. **See** 18 Pa.C.S.A. § 5503(b).

reckless manner across the crowded parking lot at Sam's Club. *See* N.T., Summary Trial, 10-4-17 at 7. After Officer Allen stopped the vehicle out of concern over the way it was being operated, Kocher began "screaming and posturing his voice" at the officer. *Id*. at 8.

After being informed that there was a weapon inside the Jeep, Officer Allen secured the weapon and instructed Kocher to remain inside the Jeep. Although Officer Allen attempted to run information through the 911 Communication Center, Kocher exited his vehicle "in a highly aggressive manner and started to approach" the police cruiser. *Id*. Officer Allen stepped outside his police cruiser to try to cool down the situation; however, Kocher screamed and clenched his fist while approaching Officer Allen. *See id*. Officer Allen believed that he was going to be attacked by Kocher. Kocher remained agitated and aggressive although Officer Allen repeatedly attempted to calm him down:

> Every time I would try to speak to him, he would just start screaming and . . . I just remember thinking to myself at any moment this individual is going to attack me and I was trying to do everything I could to prevent that. And also . . . I was worried about the unsecured firearm and how to attempt to deal with the defendant, Mr. Kocher, and the potential safety issue of the firearm.

*Id*. at 14.

In light of Kocher's state of belligerence, Officer Allen told him that he would not return the weapon but that Kocher could later go to the police station to secure the return of his gun. Officer Allen also told Kocher that he

was going to issue a citation against him, which he would receive in the mail. Regrettably, Kocher still persisted in his aggressive behavior toward Officer Allen, to the point where Officer Allen had to call for a back-up police unit. *See id*., at 8-9. The incident caused a number of shoppers to collect around Officer Allen's cruiser. The entire incident lasted approximately fifteen minutes to a half-hour, with Officer Allen frequently attempting to de-escalate the situation.

A member of the public who was present described Kocher as "screaming, screaming and yelling to scare everyone." *Id*., at 17.

A Non-Traffic Citation, No. R0271792-2, was filed against Kocher on March 20, 2017, charging him with the aforesaid summary offense of Disorderly conduct.  A hearing was held on August 1, 2017, in Magisterial District Court 11-3-7, after which Kocher was found guilty of Disorderly Conduct and ordered to pay a fine of $250.00 and costs. Following the filing of a timely summary appeal, a bench trial was held before the Court of Common Pleas of Luzerne County on October 4, 2017.  At the beginning of the hearing, counsel for Kocher made a motion to dismiss the citation pursuant to Pa.R.Crim.P. 403.[2] The trial court denied the motion to dismiss, found Kocher guilty, and imposed a fine of $100 plus costs.

---

[2] Pa.R.Crim.P. 403 states, in pertinent part: "(A) Every citation shall contain: . . . (6) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient

Kocher filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Errors Complained of on Appeal, which was 8 pages long. The trial court addressed these issues in an opinion filed on December 28, 2017.

On appeal, Kocher has elected to proceed as self-represented and has filed an uncounseled brief. Kocher raises the following questions for our review, some of which we consolidate because they are related:

1. Whether there was insufficient evidence for the conviction of Disorderly Conduct, in light of the prosecution's failure to prove all the elements of the crime?

2. Whether there was insufficient evidence for the conviction of Disorderly Conduct, in light of the Appellant's exercise of his First Amendment, Free Speech constitutional rights?

3. Whether the trial court correctly denied his motion to dismiss raised under Pa.R.Crim.P. 403?[3]

Brief for Appellant at 11.[4]

_____

to advise the defendant of the nature of the offense charged . . . ." Pa.R.Crim.P. 403(A)(6).

[3] Although the issue regarding Rule 403 was not included in Kocher's statement of issues on page 11 of his brief, he does argue this issue in the body of his brief.

[4] We observe that the issue of ineffective assistance of counsel, raised in Kocher's concise statement of errors complained of on appeal, is not argued in his brief. The trial court, in its opinion filed on December 28, 2017, correctly noted the inappropriate inclusion of the ineffectiveness claim at this stage. Consequently, in accordance with established case law, we will only review those issues which have been properly argued within Kocher's brief. **See Commonwealth v. Montalvo**, 641 A.2d 1176, 1184 (Pa. Super

In his first claim, Kocher contends that the evidence was insufficient to sustain his conviction. Kocher argues that the evidence did not prove that he acted with intentional or reckless conduct to create a risk of an offensive condition. He also argues that no hazardous or physically offensive condition was created on the day in issue.

In reviewing the sufficiency of the evidence, we must determine "whether the evidence presented at trial, combined with all reasonable inferences therefrom, is sufficient to conclude that the Commonwealth established each element of the offense beyond a reasonable doubt." *Commonwealth v. Lyons*, 79 A.3d 1053, 1062 (Pa. 2013). We evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *See Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007).

However, "the Commonwealth need not establish guilt to a mathematical certainty." *Id.* (citation omitted) Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *See*

---

1994) (citing *Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) ("[W]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the brief.").

*id.* Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. ***See Commonwealth v. Hartle****,* 894 A.2d 800, 804 (Pa. Super. 2006).

A "hazardous" condition is one which engenders "danger or risk." ***Commonwealth v. Roth***, 531 A.2d 1133, 1137 (Pa. Super. 1987) (brackets omitted). Viewing the evidence in the light most favorable to the Commonwealth, we have no hesitancy in determining that there was ample evidence from which the court could find that Kocher engaged in threatening behavior and created a condition that was hazardous or physically offensive to the other shoppers and general public at the parking lot that day. Kocher's argument is primarily based on his claim that the Commonwealth did not prove that a fight actually took place. The evidence of all of Kocher's conduct was properly admitted, including the manner of his constant aggressive and threatening behavior toward Officer Allen. Because that evidence is sufficient to support the conviction, we need not further discuss Kocher's claim that his conduct did not fit the definition of an actual "fight." ***See Commonwealth v. Lopata***, 754 A.2d 685, 688 (Pa. Super. 2000).

Furthermore, the trial court aptly addressed each of Kocher's contentions which challenge the sufficiency of the evidence. In its opinion, the trial court referred to the testimony of the arresting officer, much of which was corroborated by the independent witness present that day.

Kocher's other issue contends that the citation was defective under Pa.R.Crim.P. 403. As aforesaid, Rule 403 requires the citation to include "a summary of the facts sufficient to advise the defendant of the nature of the offense charged . . . ."

The citation filed against Kocher identifies the date, time and location of the incident where Kocher caused "public alarm" by "creating a hazardous or physically offensive condition." "The factual summary set forth in the citation is meant to "accurately describe the gravamen" of the offense rather than lay out a blow-by-blow description of events." **Commonwealth v. Lopata**, 754 A.2d 685, 687–88 (Pa. Super. 2000) (citation omitted). The summary must be sufficient to advise the defendant of the nature of the offense charged, notifying him of the pending prosecution and affording him a chance to defend himself. **Commonwealth v. Zullinger**, 676 A.2d 687 (Pa. Super. 1996). The description of the offense is adequate as long as it advises the defendant of the nature of the charge and does not cause surprise which is prejudicial. **See id.,** at 688-689. The citation in issue clearly satisfies this standard.

Additionally, Kocher fails to prove that actual prejudice resulted from this alleged defect in the citation. The mere existence of a defect in the citation process itself does not in and of itself establish actual prejudice. **See Commonwealth v. Glassman**, 518 A.2d 865, 867 (1986); Pa.R.Crim.P. 109. Our review of the record reveals no proffer by Kocher as to how the description of the event in the citation prejudiced him. **See Commonwealth v. Lutes**,

793 A.2d 949, 959 (Pa. Super. 2002). This issue was also properly addressed by the trial court.

Upon review, we find no error by the trial court, and we affirm upon the thoughtful and pertinent reasoning of Judge Michael T. Vough, as filed in the Court of Common Pleas of Luzerne County, Criminal Division, at No. 260 SA 2017. *See* Trial Court Opinion, 12/28/17.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2018

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA  :
                              :
v.                            :        CRIMINAL DIVISION
                              :
ROBERT W. KOCHER, JR.         :        NO: 260 SA 2017

## OPINION PURSUANT TO RULE 1925(a)(1)

This matter arises from a non-traffic citation issued by an officer employed by the

Wilkes-Barre Township Police Department. The citation charged Defendant, Robert W. Kocher,

Jr., with disorderly conduct as a result of an incident which occurred on March 17, 2017 in the

parking lot of Sam's Club.

On October 4, 2017, a summary trial was held before this Court. At the conclusion of the

trial, the Defendant was found guilty and fined $100.00 plus costs.

Defendant filed a timely notice of appeal on November 2, 2017. An order was then

issued by this Court on November 13, 2017 which required that Defendant file a concise

statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b) within twenty-one

days. Defendant complied with the order on December 4, 2017 by filing a "statement of errors

complained upon in appeal" consisting of eight pages. In the statement, Defendant essentially

alleges that the evidence was insufficient, the case should have been dismissed pursuant to

Pa.R.Crim.P. 403, and his counsel provided ineffective assistance.

With regard to Defendant's ineffective assistance claim, our supreme Court has held that

such claims, as a general rule, will not be entertained on direct appeal and should not be raised

until collateral review. Commonwealth v. O'Berg, 880 A.2d 597, 602 (Pa. 2005);

Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002) (footnote omitted). Counsel's alleged

ineffectiveness is not obvious from the record and many of the claims Defendant makes are not

1

properly developed. Based upon a review of the record from the summary trial, there is no evidence to indicate that counsel was ineffective in his representation of Defendant. Finally, the Post Conviction Relief Act does not provide a remedy for a petitioner whose only uncompleted portion of his sentence is the payment of a fine. Commonwealth v. Fisher, 703 A.2d 714, 716 (Pa.Super. 1997).

Dismissal of the case pursuant to Rule 403 was requested by counsel and subsequently denied. Pa.R.Crim.P. 109 entitled "Defects in Form, Content or Procedure" states the following:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109. Defendant alleged no prejudice and there is no defect in the citation prejudicial to his rights. The citation sufficiently advised the Defendant as to the nature of the offense charged as required by Pa.R.Crim.P. 403. It is clear that Defendant was charged with disorderly conduct by creating a hazardous or physical offensive condition. "The description of the offense is adequate as long as it advises the defendant of the nature of the charge and does not cause surprise which is prejudicial." Commonwealth v. Lopata, 754 A.2d 685, 687 (Pa.Super. 2000) citing Commonwealth v. Zullinger, 676 A.2d 687 (Pa.Super. 1996).

The standard of review for challenges to the sufficiency of the evidence requires that the record be evaluated in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the

2

accused, beyond a reasonable doubt." Commonwealth v. Brewer, 876 A.2d 1029, 1032 (Pa.Super. 2005). There is no requirement that the Commonwealth establish guilt to a mathematical certainty. Id. "The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence." Commonwealth v. Aguado, 760 A.2d 1181, 1185 (Pa.Super. 2000). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa.Super. 2001). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." Id. "The fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." Brewer, 876 A.2d at 1032. We may not substitute our judgment for that of the fact finder. Id. As long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. Id. "A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution." Widmer, 744 A.2d at 751.

Defendant was charged with disorderly conduct pursuant to 18 Pa.C.S.A. section 5503(a)(4) which provides as follows: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." A hazardous condition has been defined as a condition that involves danger or risk. Commonwealth v. Williams, 574 A.2d 1161, 1164 (Pa.Super. 1990). Regardless of Defendant's

3

intent, he clearly acted in a reckless manner in the Sam's Club parking lot on March 17, 2017. He also created a hazardous condition.

Defendant escalated a confrontation with a police officer at a time when he had possession of a weapon in his vehicle. He screamed and clenched his fist while approaching the officer leading the officer to believe he was going to be attacked. Defendant continued to aggressively pursue the police officer to the extent that an additional police unit was called. A member of the public became terrified and was placed in danger due to the Defendant's conduct and the presence of the gun. This witness described the incident as "very scary." Defendant had no legitimate purpose for acting in this manner.

Having presided in this matter, this Court found the Commonwealth's witness to be credible. Sufficient evidence was presented to prove beyond a reasonable doubt that Defendant recklessly created a risk of public inconvenience, annoyance or alarm by creating a hazardous or physically offensive condition that served no legitimate purpose. Defendant's conviction and judgment of sentence imposed on October 4, 2017 should be affirmed.

BY THE COURT:

MICHAEL T. VOUGH,      J.

DATED: December 28, 2017

4