J-S49025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID SHANE YODER | : | |
| | : | |
| Appellant | : | No. 1680 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011557-2018

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 08, 2020**

Appellant, David Shane Yoder, appeals from the Judgment of Sentence entered on October 15, 2019, following his conviction for summary Harassment.[1] Appellant challenges the sufficiency of the Commonwealth's evidence. After careful review, we reverse.

The evidence introduced at trial showed that on the evening of July 29, 2018, Rivers Casino security escorted Appellant and his girlfriend, Heather Noll, out of the casino because Noll was belligerently intoxicated. In the process of leaving, Appellant and Noll engaged in several heated arguments with casino security. The security supervisor called the Pennsylvania State Police ("PSP") for assistance.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(1).

PSP Corporal Michael Markey responded to the call. Corporal Markey approached Appellant outside the casino and commanded him to get on the ground. Appellant refused, telling Corporal Markey that a recent back surgery prevented him from doing so. Instead, Appellant put his hands in the air, spread his legs, turned his back to Corporal Markey, and suggested that Corporal Markey search him. At some point, Appellant told Corporal Markey, "fuck you." Importantly, Appellant never lunged at or tried to hit Corporal Markey.

After several minutes, PSP Troopers Mario Schiavo and David Mares arrived to assist Corporal Markey. Trooper Mares tackled Appellant to the ground. While Appellant was on the ground, Corporal Markey "drive stunned" him.[2] Police eventually arrested Appellant, and the Commonwealth charged him with Simple Assault, Disorderly Conduct, Harassment (of the casino security supervisor), and Resisting Arrest.[3]

On August 23, 2019, at the conclusion of Appellant's first trial, the jury acquitted him of Simple Assault, Disorderly Conduct, and Harassment. It deadlocked on Resisting Arrest, prompting the court to grant a mistrial.

---

[2] To "drive stun" means to use a taser without deploying any darts or prongs. N.T. Trial, 8/21/19, at 163.

[3] 18 Pa.C.S. §§ 2701(a)(1), 5503(a)(4), 2709(a)(4), and 5104, respectively. The Commonwealth also charged Appellant with Public Drunkenness, 18 Pa.C.S. § 5505, which the parties agreed to try by stipulated bench trial at the conclusion of Appellant's jury trial.

On October 8, 2019, the Commonwealth filed a Motion to Amend Criminal Information, seeking to withdraw Appellant's Resisting Arrest charge and replace it with a charge of Harassment of Corporal Markey. Motion to Amend, 10/8/19, at ¶¶ 4-5. The court held a hearing on the Motion on October 15, 2019, at which Appellant consented to the amendment. N.T. Hearing, 10/15/19, at 3. The court granted the Commonwealth's Motion and immediately proceeded to a stipulated bench trial.

At Appellant's bench trial, the Commonwealth's sole evidence was the August 23, 2019 trial transcript. *Id.* at 4-5. At the conclusion of trial, the court convicted Appellant of Harassment and immediately sentenced him to thirty days of probation.[4] *Id.* at 7-9. Appellant timely filed a Notice of Appeal and Pa.R.A.P. 1925(b) Statement. The trial judge resigned from the bench and the record contains no Rule 1925(a) Opinion.

In his sole issue on appeal, Appellant challenges the sufficiency of the Commonwealth's evidence to convict him of Harassment. Appellant's Br. at 15. He avers that the evidence showed he "never once struck, shoved, kicked, or made physical contact with [Corporal] Markey, nor did he attempt to do so." Appellant's Br. at 15. He also argues that the evidence was insufficient to show that he acted with the intent to harass, annoy, or alarm Corporal Markey. *Id.* at 16.

---

[4] In addition, the court acquitted Appellant of Public Drunkenness.

"In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn [from it], when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." **Commonwealth v. Cox**, 72 A.3d 719, 720 (Pa. Super. 2013) (citation omitted).

A person commits the crime of Harassment when he "subjects the [victim] to physical contact, or attempts or threatens to do the same" with "intent to harass, annoy or alarm" the victim. 18 Pa.C.S. § 2709(a)(1). The Commonwealth must "prove [the] appellant had the intent to harass, annoy or alarm. Anything less than a showing of intent is insufficient." **Commonwealth v. Wheaton**, 598 A.2d 1017, 1020 (Pa. Super. 1991) (citation and emphasis omitted).

After review, we agree with Appellant that the evidence was insufficient to convict him of Harassment. The Commonwealth adduced no evidence showing that Appellant subjected or attempted to subject Corporal Markey to physical contact. In fact, Corporal Markey testified that Appellant never lunged at or tried to hit him. N.T. Trial, 8/21/19, at 181. Corporal Markey's only physical contact with Appellant came when Corporal Markey "drive stunned" him, which cannot be reasonably construed as Appellant subjecting Corporal Markey to physical contact. **Id.** at 157, 162.

There was likewise insufficient evidence to prove that Appellant threatened to physically contact Corporal Markey. Although Appellant refused Corporal Markey's order to get on the ground, the evidence showed that

Appellant told Corporal Markey he could not do so because he had recently had back surgery and was concerned that it would cause him injury. *Id.* at 154, 171, 256. Instead, Appellant put his hands up, spread his legs, turned his back to Corporal Markey, and suggested that Corporal Markey search him. *Id.* at 112, 114, 258. Appellant's actions cannot reasonably be construed as a threat to physically contact Corporal Markey or proof that Appellant's actions were taken with the specific intent to harass, annoy, or alarm Corporal Markey.

Finally, although Appellant told Corporal Markey, "fuck you," *Id.* at 158, the Commonwealth adduced no evidence to show that Appellant's use of profanity was a threat of physical contact done with the intent to harass, annoy, or alarm. Without more, mere vulgarity is insufficient to sustain a Harassment conviction. **See Commonwealth v. Zullinger**, 676 A.2d 687 (Pa. Super. 1996) (reversing Harassment conviction for wearing a t-shirt emblazoned with "fuck you" across the front inside courthouse).

In sum, after careful review, we conclude that the evidence was insufficient to convict Appellant of Harassment of Corporal Markey. Accordingly, we reverse the conviction and vacate the Judgment of Sentence.

Judgment of Sentence vacated.

Judge Olson did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2020