J-A15031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN L. GIORDANO :
:
Appellant : No. 2118 EDA 2020

Appeal from the Judgment of Sentence Entered September 30, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000097-2020

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 28, 2021**

John L. Giordano ("Giordano") appeals from the judgment of sentence

imposed following his conviction of harassment.[1] We affirm.

In its Opinion, the trial court summarized the factual history as follows:

> In 2017, the minor female victim[, F.T. (the "victim"),] was
> a member of the LA Fitness gym in Palmer Township,
> Northampton County, Pennsylvania. At that time[,] the victim
> was fifteen years old. At the time of the summary trial, the victim
> was seventeen years old, and [Giordano] was sixty-six years old.
> According to the victim, she noticed that [Giordano] seemed to be
> at the gym whenever she was there. When the victim was working
> out, she noticed that [Giordano] "would repeatedly walk by her,
> look at [her] through … mirrors, make sure that [she] knew that
> he was there watching [her] and would take weights off of
> machines while she was using them and was in a prone position.
> N.T. [Bench Trial], 9/29/20, at 3[]-4[]. [Giordano] also
> repeatedly stared at the victim. Whenever the victim would reach
> a point where she felt so unsettled by [Giordano]'s actions that

_____

[1] 18 Pa.C.S.A. § 2709(a)(3).

she no longer wished to be there, she would leave the gym, even if she was not done exercising.

Because of [Giordano]'s behavior, [in 2018,] the victim began exercising at the Planet Fitness gym in Easton, Northampton County[]. Eventually, [Giordano] began showing up at Planet Fitness while the victim was working out. He also started engaging in the same behavior that caused the victim to leave LA Fitness. [Giordano] continued to take weights off of machines while victim was using them, even though there were weights he could have utilized from machines not then in use. By early 2020, [Giordano] started showing up at Planet Fitness whenever the victim was there. The victim complained to the staff and manager at Planet Fitness, telling them that [Giordano] was "[s]talking, walking around, staring at [her] through mirrors, [and] making it known that he was watching [her]." *Id.* at 13[]-19[], 33[], 34[]-35[]. The manager warned [Giordano] about his behavior in February 2020. [Giordano]'s behavior made the victim feel unsafe.

On March 7, 2020, the victim went to Planet Fitness and began stretching in a room that contain[ed] weightlifting machines. While she was stretching, [Giordano] entered the room and went over to where [the victim] was [stretching]. The victim then left the room and went to the manager to complain. The manager assured her that he would keep an eye on her and [Giordano].... The victim then went into the main room … [and] began using one of the [weightlifting] machines. [Giordano] then entered the room, and despite there being [other available machines], [Giordano] asked a boy, who was working out on the machine directly in front of the victim, if he could take turns with the boy in using that machine. The victim then moved to a different room to get a dumbbell[, and Giordano] came over to likewise get a dumbbell. The manager, who had been watching the victim and [Giordano], corroborated the victim's account.

The following day, March 8, 2020, the victim drove to Planet Fitness and backed into a parking space in the parking lot. As she was getting ready to leave her car, the victim saw [Giordano] walking towards her car, despite her car not being in the direct path between [Giordano]'s vehicle and the building. [Giordano] proceeded around the front of the victim's car to the driver's side. [Giordano] then started moving his pelvis back and forth towards the victim as she sat in her car, simulating a sex act, while he

looked at her and laughed. [Giordano] went into the gym and told the manager, "I did something fucked up in the parking lot." ***Id.*** at 38[]-39[]. [Giordano] then demonstrated for the manager what he did … in the parking lot.

Meanwhile, the victim … [after calling her father,] went into the gym, told the manager what had happened[,] … and asked him if the [gym] had cameras outside. [The manger informed her that the gym did not have cameras, and] the victim called 911.

Officer John Gillen [("Officer Gillen")], of the Palmer Township Police Department[, arrived at the Planet Fitness] at approximately 4:00 p.m.[, in response to the 911 dispatch.] When [Officer Gillen arrived], [he] observed [Giordano] walking away from the gym. [Giordano] was the only person in the parking lot at the time. Officer Gillen made contact with [Giordano], who volunteered, without prompting, that he had been involved in an accident with the victim in the parking lot. [Giordano] told Officer Gillen that he thought the person in the car was a boy and that he was simulating that he was a disc jockey spinning a record in front of the car. Although [Giordano] told Officer Gillen that he was going directly from his truck to the gym at the time of the incident, Officer Gillen observed that the victim's car was not in the path between [Giordano]'s truck and the gym.

Trial Court Opinion, 12/1/20, 2-5.

On March 10, 2020, Giordano was charged with summary harassment. On June 22, 2020, following a magisterial hearing, Giordano was convicted of harassment and sentenced to pay a fine of $200.00, plus costs. On July 8, 2020, Giordano appealed to the Northampton County Court of Common Pleas, and on September 29, 2020, the trial court conducted a trial *de novo*. At the conclusion of the trial *de novo*, the trial court convicted Giordano of harassment and, on the same day, sentenced him to 45 to 90 days in prison, as well as a fine of $300.00, plus costs.

Giordano filed a timely Notice of Appeal and a contemporaneous Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Giordano presents the following claims for review:

[1.] Did the trial court err as a matter of law by convicting [Giordano] based on conduct that was not described in the citation?

[2.] Was the evidence insufficient to convict [Giordano] of [h]arassment?

[3.] Did the trial court commit an abuse of discretion in sentencing [Giordano] far in excess of the original sentence imposed by the district court?

[4.] Did the trial court commit an abuse of discretion in formulating a sentence of confinement?

Brief for Appellant at 6.

In his first claim, Giordano argues that the trial court erred by convicting Giordano of conduct not included in the original citation filed before the magisterial district court. *Id.* at 16. Giordano contends that a citation "in a summary case must contain both the specific statute violated and a brief factual summary" in order to give a defendant proper notice. *Id.* Giordano claims that the citation only specifies his conduct in the Planet Fitness parking lot and does not detail any of his prior behavior. *Id.* at 17. Giordano acknowledges that he did not raise this claim before the trial court. *Id.* at 11-12. However, Giordano contends that this appeal was the first time he could have raised this challenge, because the error "did not occur until after the close of both testimony and closing arguments[,] and [Pa.R.Crim.P.] 720(D)

does not permit post-trial motions in summary appeal[s.]" Brief for Appellant at 12.

Generally, a citation in a summary case must contain both the specific statute violated and a brief factual summary sufficient to give the defendant notice of the nature of the offense charged. *See Commonwealth v. Zullinger*, 676 A.2d 687, 688-89 (Pa. Super. 1996). "A variance between the citation or indictment and the proof at trial is not fatal if it still gives the defendant sufficient notice and does not cause surprise which is prejudicial to the defense." *Commonwealth v. Mutzabaugh*, 699 A.2d 1289, 1291 (Pa. Super. 1997) (discussing *Zullinger*).

In its Opinion, the trial court concluded that Giordano had waived this claim by failing to raise it at the time of trial. *See* Trial Court Opinion, 12/1/20, at 6; *see also id.* at 6 n.1 (stating that Giordano had raised an oral Motion to dismiss, but did not include this claim in his Motion). Our review of the record confirms that Giordano did not preserve this claim in a timely objection or motion, but rather raised it for the first time in his Rule 1925(b) Concise Statement. *See* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) (stating that "including an issue in a [Rule 1925(b) c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"). Accordingly, Giordano's first claim is waived.

In his second claim, Giordano contends that the Commonwealth presented insufficient evidence to establish his conviction of harassment, because the Commonwealth failed to prove that he engaged in a course of conduct to harass the victim. Brief for Appellant at 18. Giordano argues that the single incident in the Planet Fitness parking lot cannot establish a course of conduct. *Id.* Giordano acknowledges that the Commonwealth provided evidence of other dates and incidents, but claims that he had no notice that his actions were unwanted. *Id.* at 19. In particular, Giordano claims that, aside from the Planet Fitness incident, he was never told to stop, leave the area, or that his attention was unwanted. *Id.* at 20. Giordano argues that he was convicted for "being in the presence of the [victim] in a public place." *Id.*

Additionally, Giordano contends that the Commonwealth provided no evidence that Giordano was working out near the victim for an illegitimate purpose. *Id.* at 21-22. Giordano argues that, other than the Planet Fitness parking lot incident, his behavior of using weights near the victim, staring at the victim, being in the same room as the victim, and using a machine near the victim, was not against the Planet Fitness rules. *Id.*

When examining a challenge to the sufficiency of the evidence, we adhere to the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-

finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

Section 2709 of the Crimes Code provides that, "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person … engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa.C.S.A. § 2709(a)(3). Additionally, an intent to harass "may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013) (quotation omitted).

Instantly, the trial court concluded that Giordano's behaviors served no legitimate purpose and constituted a course of conduct designed to harass, annoy or alarm the victim. *See* Trial Court Opinion, 12/1/20, at 7-8. In particular, the trial court determined that from the time that the victim was fifteen years old, until she was seventeen years old, Giordano engaged in a course of conduct by repeatedly following the victim around two different

gyms; staring at the victim, even through mirrors; making certain that the victim knew Giordano was watching her; taking weights off of the machines the victim was using, even though other machines and weights were available; and using machines immediately next to the victim despite other machines being available. *Id.* at 8. The trial court further found that Giordano's course of conduct culminated in Giordano simulating a sex act next to the victim's car, while he stared at her and laughed. *Id.* Additionally, the trial court determined that, based upon the totality of the circumstances outlined above, none of Giordano's behaviors served a legitimate purpose. *Id.* Our review of the record confirms the trial court's findings, analysis and conclusions; accordingly, we cannot grant Giordano relief on this claim. *See id.* at 7-8; *see also* 18 Pa.C.S.A. § 2709(a)(3); *Smith*, *supra*; *Cox*, *supra*.

We will address Giordano's third and fourth claims together, as they are related. In his third claim, Giordano contends that the trial court erred when it imposed a sentence in excess of the sentence imposed by the magisterial court. Brief for Appellant at 23. Giordano acknowledges that a court of common pleas, in a summary appeal *de novo*, "is not bound by the original sentence determined by the [m]agist[rate.]" *Id.* Nevertheless, Giordano claims that the trial court improperly sentenced him in excess of the magisterial district court. *Id.* at 23-24.

In his fourth claim, Giordano argues that the trial court sentenced him "contrary to the fundamental norms underlying the sentencing process and the sentencing code." Brief for Appellant at 25.

Giordano acknowledges, similar to his first claim, that he raised these claims for the first time in his Rule 1925(b) Concise Statement, but argues that the Concise Statement was the appropriate vehicle because Pa.R.Crim.P. 720(D) prohibits post-sentence motions in summary appeals. Brief for Appellant at 12.

Both Giordano's third and fourth claims challenge the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Giordano filed a timely Notice of Appeal, and properly included a Rule 2119(f) Statement in his brief. However, our review discloses that Giordano did not raise either of these claims at the time of sentencing. *See* N.T. (Bench Trial), 9/29/20, at 91-97 (wherein the trial court heard arguments regarding sentencing, stated Giordano's sentence on the record, and the proceeding concluded without any objections); *see also Moury*, *supra*. We recognize that Giordano was procedurally barred from raising his claims in a post-sentence motion. *See Commonwealth v. Dixon*, 66 A.3d 794, 797 (Pa. Super. 2013) (recognizing that, following a trial *de novo* in a summary case, Pa.R.Crim.P. 720(D) precludes the filing of a post-sentence motion). Nevertheless, an issue cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). A challenge to the discretionary aspects of sentence *can* be preserved at the time of sentencing. *See Moury*, *supra*. Instantly, Giordano did not object or otherwise raise these claims before the trial court at sentencing and, accordingly, we lack jurisdiction to consider the merits of his claims. *See Moury*, *supra*; *see also id.* (stating that the four-part test implicates this Court's jurisdiction).

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Stabile concurs in the result.

- 10 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2021